**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-20836

CLAUDIA NAVARRO PINEDA,
Individually, Representative of the Estate
of Pedro Oregon Navarro; ANA ISABEL LORES,
as next friend of Ashley, minor daughter of Pedro
Oregon Navarro; BLANCA LIDIA VIERA, as next
friend of Belinda, minor daughter of Pedro Oregon
Navarro; ROGELIO OREGON NAVARRO;
SALVADOR LOPEZ; NELLY MEJIA; SUSANA
OREGON NAVARRO,

                                                            Plaintiffs-Appellees,

versus

CITY OF HOUSTON, ET AL.,

                                                            Defendants,

D.R. BARRERA; P.A. HERRADA,

                                                            Defendants-Appellants.

Appeal from the United States District Court
for the Southern District of Texas
(H-98-CV-3877)

March 29, 2001

Before REYNALDO G. GARZA, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Officers D.R. Barrera and P.A. Herrada appeal the district court's denial of their motion for summary judgment based on qualified immunity. We dismiss their appeal for lack of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

Several plaintiffs sued the City of Houston, Houston Police Sergeant D.H. Strouse ("Sergeant Strouse"), and Houston Police Officers D.R. Barrera ("Officer Barrera"), P.A. Herrada ("Officer Herrada"), D.R. Perkins ("Officer Perkins"), L.E. Tillery ("Officer Tillery"), and J.R. Willis ("Officer Willis") for the death of Pedro Oregon Navarro pursuant to 42 U.S.C. § 1983 and the Texas Wrongful Death Statute. The plaintiffs sought compensatory damages, costs, and attorney's fees. The events giving rise to their claims are as follows.

On the night of July 11, 1998, Officers Herrada and Willis stopped a car for traffic violations. After a routine investigation, the officers ticketed the driver of the car. The driver and a minor passenger were released, and another passenger, Ryan F. Baxter ("Baxter"), was arrested for public intoxication and providing alcohol to a minor. Baxter admitted that he had purchased and smoked crack cocaine that evening, and he offered information about his alleged supplier, Rogelio Oregon Navarro ("Rogelio"), in exchange for his release.

Officers Herrada and Willis contacted members of their unit, the Southwest Gang Task Force. The officers and their supervisor devised a plan in which Baxter would arrange to meet with Rogelio at a local restaurant. However, Rogelio failed to appear at the restaurant.

Next, the officers and Baxter went to Rogelio's apartment, but no one answered the door. However, as Officers Herrada and Willis were transporting Baxter to jail, Baxter was given another opportunity to set up the drug purchase when someone from Rogelio's apartment called Baxter on Willis' cellular phone. Officers Herrada, Willis, Barrera, Perkins, Tillery, and Sergeant Strouse went back with Baxter to Rogelio's apartment.

2

While Baxter knocked on the door, the officers waited at the bottom of the stairs leading to Rogelio's apartment. Once the door opened, the officers entered the apartment. They did not have a warrant, and they did not obtain consent to enter from any of the occupants of the apartment. The occupants of the apartment were Rogelio, Salvador Lopez ("Lopez"), Nelly Mejia ("Mejia"), and Pedro Oregon Navarro ("Pedro"). The officers and the plaintiffs dispute whether Pedro fled to a bedroom and pointed a gun in the officers' direction. By the end of this raid, three officers had fired thirty-three shots into Pedro's bedroom. Pedro did not fire a single shot. No drugs were found in the apartment. However, a handgun was found lying close to Pedro's body. Pedro's autopsy revealed no drugs in his system.

Pedro's family filed suit against the City of Houston and the six police officers involved in the raid of Rogelio's apartment. They alleged civil rights claims for warrantless entry and search, excessive use of force, and state law wrongful death claims. Also, the other occupants of the apartment at the time of the incident brought claims against the City and the officers.

The officers moved for summary judgment on the basis of qualified immunity, and they moved to dismiss some of the plaintiffs' allegations for failure to state a claim. The district court granted the officers' motions in part and denied them in part. Specifically, the court: (1) denied all of the summary judgment motions and motions to dismiss on the warrantless entry and search claims; (2) granted summary judgment to four of the six officers on the excessive use of force and wrongful death claims arising out of the death of Pedro; and (3) denied summary judgment to Officers Barrera and Herrada on the excessive use of force and wrongful death claims arising out of the death of Pedro.

The district court denied Barrera's motion for summary judgment on the plaintiffs' excessive

3

use of force claim because it found that "genuine issues of material fact exist with respect to whether Barrera could reasonably have believed that Navarro posed a threat of imminent serious bodily injury or death and whether he had a reasonable means to escape such threat if it did exist." As for the claim against Herrada based on excessive use of force, the court noted the plaintiffs' contention that the same fact issues precluding summary judgment for Barrera also precluded summary judgment for Herrada. However, the court concluded that the record on Herrada's involvement had not been sufficiently developed to warrant a grant of summary judgment in his favor, as the plaintiffs had not deposed Herrada and had conducted only limited discovery. Regarding the state wrongful death claims, the district court found that Barrera and Herrada were not entitled to summary judgment because "genuine issues of material fact exist concerning the objective reasonableness of Barrera and Herrada's use of deadly force against [Pedro] Navarro."

The district court granted in part and denied in part the officers' motions to dismiss the false arrest and excessive use of force claims of the other plaintiffs. The court ordered the plaintiffs to replead their allegations with particularity. However, Rogelio, Lopez, and Mejia voluntarily dismissed their claims. Following the dismissal, the only remaining claims were those for warrantless entry and excessive use of force against Pedro and the state law wrongful death claims. Because of the plaintiffs' voluntary dismissal, Officers Strouse and Willis voluntarily dismissed their appeals. Therefore, in this appeal, the only remaining appellants are Officers Barrera and Herrada, and they are appealing only the denial of summary judgment on the excessive use of force and wrongful death claims arising out of the death of Pedro.

DISCUSSION

We do not ordinarily have jurisdiction to review a denial of summary judgment because such a motion is not considered final within the meaning of 28 U.S.C. § 1291. Palmer v. Johnson, 193 F.3d 346, 350 (5th Cir. 1999). However, a district court's denial of a summary judgment motion based on qualified immunity is immediately appealable if it is based on a conclusion of law but not if it is based on a claim regarding the sufficiency of the evidence. Id.

We find that we lack jurisdiction to hear this appeal because it involves claims regarding the sufficiency of the evidence. Although Officers Barrera and Herrada attempt to couch their appeal in terms of legal issues, the appeal unavoidably involves the sufficiency of the evidence. Specifically, the issues central to this case are whether or not Pedro pointed a gun at the officers and whether he even had a gun in his possession when the officers fired the shots at him. The parties dispute both of these questions of fact.

The officers contend that Pedro fled to his bedroom and pointed a gun at them, making their use of deadly force against him justifiable. However, the plaintiffs assert that Pedro did not flee to the bedroom and was unarmed, causing the officers' use of force to be excessive. The parties' arguments reveal that there is no genuine dispute in this appeal regarding the objective reasonableness of police officers' use of deadly force against an armed or unarmed person. Rather, as the district court determined, the crux of the dispute here is whether Pedro was in fact armed and provoked the officers' use of deadly force. This disagreement is obviously factual and renders the district court's denial of the summary judgment motions of Officers Barrera and Herrada based on qualified immunity

5

unappealable at this stage.[1]

CONCLUSION

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

APPEAL DISMISSED.

---

[1]We note that although the district court stated that it was denying Herrada's summary judgment motion on the excessive use of force claim because of the insufficiency of the record at that time, its denial of his motion was not based on a legal conclusion and is thus unappealable.